Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3116 | **DATE** | 6/28/2013 |
| **CASE TITLE** | Maurice Tyree (2011-0617127) vs. Superintendent Thomas, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $8.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff is assessed a strike. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(g). The clerk is requested to enter a Rule 58 Judgment in favor of defendants against plaintiff. Plaintiff's motion for attorney representation, (Dkt. No. 4), and any other pending motions are denied as moot. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

    Pro se plaintiff Maurice Tyree, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for attorney representation. (Dkt. No. 4).

    The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

| STATEMENT |
|---|

The Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

Plaintiff injured himself by slipping and falling in a puddle of water at the Cook County Jail. The water came from a utility closet that housed pipes. The area leaked on a repeated basis. Correctional officers instructed inmates to mop up the water but it would return. The officers put in several work orders, but the jail plumbers failed to address the issue in a timely fashion. Plaintiff faults the plumbers and related staff for failing to correct the leak resulting in the puddle and his injury.

Plaintiff's case must be dismissed for failure to state a claim. Jail officials cannot be deliberately indifferent to conditions that "deprive an inmate of the minimal civilized measure of life's necessities." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (internal quotation marks and citation omitted). The jail cannot deliberately expose plaintiff to conditions that are "'sufficiently serious'" that society would not expose any unwilling individual to the condition. *Id.* (citations omitted).

The complaint fails to plausibly suggest that any defendant was deliberately indifferent to the puddle that resulted in the slip and fall. The existence of a puddle is not grave condition. *Gray v. McCormick*, 281 Fed. Appx. 592, 593 (7th Cir. June 12, 2008) (non precedential opinion) (quoting *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("'slippery prison floors do not state even an arguable claim for cruel and unusual punishment.'")). Furthermore, the failure to fix the leak in a timely fashion and the resulting slip and fall suggests nothing more than negligence. Correctional officials cannot be held liable for negligence under the deliberate indifference standard. *McClain v. Curran*, No. 12 C 9405, 2012 WL 6171950, at *1 (N.D. Ill. Dec. 10, 2012) (citing *Farmer v. Brennan*, 511 U.S. 837 (1994); *Daniels v. Williams*, 474 U.S. 327, 332 (1986)) (rejecting slip and fall claim). Furthermore, correctional staff attempted to address the leak by having inmates mop up the water when it appeared. This effort also undermines any deliberate indifference claim because it shows that correctional staff attempted to address the problem. In short, the existence of a puddle is not a constitutional violation, and the complaint does not plausibly suggest that any defendant was deliberately different to any risk the puddle presented. The case is dismissed.

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in

| STATEMENT |
|---|

that Court.  *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)).  Failure to inform any new Court of three prior strikes would result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full.  *Sloan*, 181 F.3d at 859.

   If plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  Should plaintiff choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.  *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).